Bradford H. Brinton, Esq. Town Attorney, Chesterfield
You have asked whether a town justice may also serve as an investigator for the county department of social services.
The materials included with your request indicate that the investigator position does not carry police or peace officer status (Criminal Procedure Law, §§ 1.20[34], 2.10). Duties of the position include creation and implementation of a program designed to locate missing fathers behind in support payments. The person holding this position will be involved in investigations in towns throughout the county, including the town in which he sits as town justice.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Jurisdiction over support matters is held exclusively by the Supreme Court and the Family Court (NY Const, Art VI, §§ 7, 13; Family Court Act, §§ 114, 115, 411). Support actions cannot be brought in, or transferred to town courts, so there is no possibility that the town justice would review the merits of a case in which he acted as a social services investigator. Jurisdiction of the Justice Court is limited as set forth in article 2 of the Uniform Justice Court Act (UJCA). UJCA, § 212 provides that "in the exercise of its jurisdiction the [justice] court shall have all the powers that the supreme court would have in like actions and proceedings". This language has been interpreted to mean that the Justice Court has only the incidental powers of the Supreme Court, and does not create an expansion of the Justice Court's jurisdiction (Siegel, McKinney's Practice Commentaries, UJCA, § 212, 1987 Supp).
There is one scenario, however, where the town justice may find himself involved, albeit peripherally, in a case where he had been involved as an investigator. Family Court has authority to issue arrest warrants under certain circumstances where support payments have not been made (Family Court Act, §§ 428, 431, 453[d]). The Family Court Act provides that a party arrested under these circumstances be brought before the court that issued the warrant, or if he is taken into custody outside the county of issuance, he is to be brought before a Family Court judge (id., § 431). In the absence of an available Family Court judge, Family Court Act, § 155 provides that:
 "If an adult respondent is arrested under this act when the family court is not in session, he shall be taken to the most accessible magistrate and arraigned before him . . . the magistrate shall thereupon hold such respondent, admit to, fix or accept bail, or parole him for hearing before the family court" (id., § 155[1]).
In the event of the unavailability of a family court judge, therefore, a respondent who was arrested as a result of a department of social services investigation could be brought before the town justice for the return on the arrest warrant. Under the Code of Judicial Conduct, the justice's personal involvement in the action would prevent him from hearing the case (Code of Judicial Conduct, Canon 3[C]).
Although possible, such a scenario is not inevitable. The justice should notify law enforcement authorities that he is not available for arraignment under section 155. If, however, the town justice is required more than a few times to recuse himself from cases because of his duties as investigator, the positions should not be held by the same person.
We conclude that a town justice may act as an investigator for the county department of social services as long as the town justice does not find it necessary to recuse himself more than a few times from hearing cases.